MORO DE MORO, Appellant, v. SAMUEL P. TULL and 51–53 MAIDEN LANE, INC., Respondents, Impleaded with Others, Defendants.

First Department, May 18, 1917.

Practice — demurrer to counterclaim — inadvertent failure to renew demurrer to same counterclaim in amended answer — motion to open default granted.

Where, in an action for foreclosure, the plaintiff demurred to a counterclaim and thereafter the defendant served an amended answer containing the same identical counterclaim, and the plaintiff inadvertently omitted to renew the demurrer until his time had elapsed by a few days, he should be allowed to open his default, and, on such a motion, the sufficiency of the counterclaim should not be definitely passed upon.

APPEAL by the plaintiff, Moro de Moro, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of December, 1916, denying his motion to open a default and for leave to serve a demurrer.

*Elwood J. Harlam,* for the appellant.

*Sidney Lowenthal,* for the respondent.

SCOTT, J.:

This is an ordinary foreclosure action. It was begun in July, 1916. Defendant Tull answered, pleading among other things a counterclaim for damages for the breach of an alleged verbal contract by plaintiff to remove an incumbrance upon another piece of property conveyed by plaintiff to Tull. This answer was served August 28, 1916, and on September 18, 1916, plaintiff demurred to the counterclaim. On October 13, 1916, Tull served an amended answer which contained the identical counterclaim as that contained in the first answer. Plaintiff inadvertently omitted to renew the demurrer, and the argument on the original answer and demurrer came up to be heard on November tenth. Defendant then raised the point that the amended answer had superseded the original

answer and consequently that there was nothing before the court.

Plaintiff's time to demur to the amended answer had by this time elapsed by a few days. He moved to open his default but his motion was denied, without prejudice to a renewal. He renewed the motion, which was again denied, with ten dollars costs, with leave to renew upon an affidavit of merits and a showing of merits. He paid the costs and again renewed the motion supplying the affidavit of merits, by the affidavit of the attorney and an explanation why the affidavit was not made by the plaintiff who is in England. On each of these motions the proposed demurrer was submitted. The last motion was denied because the court was of the opinion that there was no merit in the demurrer. Plaintiff was, however, permitted to renew for the purpose of serving a reply, and satisfying the court that it was meritorious. Plaintiff now appeals because he does not wish to reply but does wish to be in a position to attack the sufficiency of the counterclaim by demurrer.

Under the circumstances the motion should have been granted. The default was clearly inadvertent and was not serious. There is no reason why plaintiff should not be permitted to plead as he wishes, and certainly the sufficiency of the counterclaim should not be definitely passed upon on a mere motion to open a default.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., LAUGHLIN and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.